IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LUIS RULLAN | * | |
| | * | |
| | * | |
| | * | |
| v. | * | Civil Action No. CCB-17-3741 |
| | * | |
| | * | |
| | * | |
| JILL K. GODEN, *et al.* | * | |

## MEMORANDUM

Pending before the court is plaintiff Luis Rullan's motion for a preliminary injunction. (ECF 47). For the reasons stated here, Rullan's motion will be denied.

### I. BACKGROUND[1]

In 2019, this court denied a motion for preliminary injunction filed by the plaintiff in 2018 seeking to impose significant restrictions on the defendants' control over their businesses and other financial accounts. (ECFs 47, 100). The denial was appealed to the Fourth Circuit, which in October 2019 remanded the case to this court for further findings. (ECFs 102, 103). As reflected on the docket for the related case of *Rullan v. Goden, et al.*, CCB-12-2412, in June 2019 the court had a chambers conference with counsel where counsel advised they were working toward resolving both cases. (ECF 294 in CCB-12-2412). The court requested periodic status reports. (ECFs 296, 299 in CCB-12-2412). In a status report from October 25, 2019, plaintiff's counsel indicated, in part, that "Rullan may file one or more motions in light of the Fourth Circuit's recent ruling and is assessing various options." (ECF 297 in CCB-12-2412). The court asked for another

---

[1] The factual background described in this section shall constitute the court's particularized findings of fact in accordance with Fed. R. Civ. P. 52(a).

1

status report by December 6, 2019. (ECF 299 in CCB-12-2412). None was filed, nor were any additional or supplemental motions filed in either case, until April 25, 2022, when Rullan filed a Notice of Additional Evidence in support of his motion for preliminary injunction. (ECF 106). On April 29, 2022, the court set a deadline of May 27, 2022, for the defendants to respond to the Notice, but also requested statements from both sides about what discovery might be necessary to bring the cases to the point of summary judgment motions and/or for trial. (ECF 107). On May 27, 2022, the defendants responded to the Notice. (ECF 108). They also filed a statement regarding additional discovery. (ECF 109). The plaintiff responded but indicated that "the need for a preliminary injunction in this case remains acute." (ECF 110 at 1).

On September 21, 2022, this court issued an opinion affirming the dismissal of a related bankruptcy case. (ECFs 13, 14 in CCB-21-2887; ECFs 28, 29 in CCB-21-3170; ECFs 7, 8 in CCB-21-3171). Much of the complicated procedural history of these cases is set forth in that opinion, which Rullan has appealed to the Fourth Circuit.

In October 2022, Rullan appealed to the Fourth Circuit from this court's "constructive denial" of the motion for preliminary injunction. (ECF 111). On March 13, 2023, the Fourth Circuit dismissed Rullan's appeal. (Doc. 31 in Fourth Circuit Case No. 22-2130). On April 19, 2023, Rullan filed a letter requesting a ruling on his motion for a preliminary injunction. (ECF 121).

## II. LEGAL STANDARD

"A preliminary injunction is 'an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.'" *Mountain Valley Pipeline, LLC v. W. Pocahontas Props. Ltd. P'ship*, 918 F.3d 353, 366 (4th Cir. 2019) (quoting *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008)). A party seeking a preliminary injunction must establish that it is (1) "likely to succeed on the merits"; (2) "likely to suffer irreparable harm in the absence of

preliminary relief"; (3) that "the balance of equities tips in [its] favor"; and (4) that an injunction is "in the public interest." *Roe v. Dep't of Def.*, 947 F.3d 207, 219 (4th Cir. 2020) (quoting *Winter*, 555 U.S. at 20). Although the requesting party "need not establish a 'certainty of success,'" they must "make a clear showing that [they are] likely to succeed at trial." *Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017) (quoting *Pashby v. Delia*, 709 F.3d 307, 321 (4th Cir. 2013)).

### III. DISCUSSION[2]

The court will deny Rullan's motion because he has failed to show any *immediate* irreparable injury. *Simmons v. Poe*, 47 F.3d 1370, 1382 (4th Cir. 1995) (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)) ("The equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again—a 'likelihood of substantial and immediate irreparable injury.'"). Rullan filed his motion on June 25, 2018, and most of the alleged fraudulent transfers are said to have occurred several years prior. Given the half decade since the motion was filed, Rullan cannot explain how injunctive relief would, at this point, provide a prospective remedy for any immediate harm. For example, Rullan alleges that the "Greenberg Revocable Trust liquidated assets in exchange for over $100,000 in late 2016 and early 2017." (ECF 47-1 at 14). Even Rullan's supplemental filing (ECF 106) fails to identify any urgent harm resulting from the alleged asset transfers and liquidations. Rullan's motion for a preliminary injunction was filed six months after his initial complaint in this case. (ECFs 1, 47). And this case arises out of a related action (CCB-12-2412), which Rullan filed over a decade ago.

---

[2] The application of the relevant legal framework in this section shall constitute the court's conclusions of law in accordance with Fed. R. Civ. P. 52(a).

3

Rullan's claims lack the expediency necessary to entitle him to the "extraordinary remedy" of a preliminary injunction. *See Winter*, 555 U.S. at 24. The years-long delays "indicate an absence of the kind of irreparable harm required to support a preliminary injunction." *Quince Orchard Valley Citizens Ass'n, Inc. v. Hodel*, 872 F.2d 75, 80 (4th Cir. 1989); *see also Henderson for Nat'l Lab. Rels. Bd. v. Bluefield Hosp. Co., LLC*, 902 F.3d 432, 439–40 (4th Cir. 2018) (considering passage of time when analyzing whether a party has suffered irreparable harm). Several courts have declined to award injunctive relief based on much shorter delays. *See, e.g.*, *Open Top Sightseeing USA v. Mr. Sightseeing, LLC*, 48 F. Supp. 3d 87, 90 (D.D.C. 2014) (thirty-six to ninety-five day delay); *Garcia v. Google, Inc.*, 786 F.3d 733, 746 (9th Cir. 2015) (en banc) (five-month delay); *Apple, Inc. v. Samsung Elecs. Co.*, 678 F.3d 1314, 1325–26 (Fed. Cir. 2012) (several-month delay); *Tough Traveler, Ltd. v. Outbound Prods.*, 60 F.3d 964, 968 (2d Cir. 1995) (nine-month to thirteen-month delay). Of course, some parts of the delay may be due to the "convoluted procedural history of the case." *Benisek v. Lamone*, 138 S. Ct. 1942, 1944 (2018). But the record suggests the delay "largely arose" from a circumstance within Rullan's control—namely, Rullan's silence for more than a year after the court requested a status report in the related case. *See id.*; *see also* ECF 299 in CCB-12-2412.

Rullan's most recent submission to the court argues a preliminary injunction is necessary to prevent the defendants "from further dissipating and secreting assets." (ECF 307). Rullan essentially claims there is an ongoing threat that the defendants, armed with the time to dispose of assets, may become judgment-proof. But Rullan's assertion is too speculative to entitle him to preliminary relief. "The possibility that defendants may not have assets at some future date to satisfy a judgment which to date has not been rendered does not amount to a showing of 'immediate and irreparable harm.'" *GA Enterprises, Inc. v. Leisure Living Communities, Inc.*, 355

F. Supp. 947, 948 (D. Mass. 1973) (rejecting argument that a preliminary injunction was necessary to prevent defendants from disposing of assets). Further, Rullan's position appears to conflict with representations he made in the bankruptcy litigation. There, Rullan asserted he has "extensive evidence" that the defendants possess recoverable assets. (ECF 15 at 24 in CCB-21-3170). But here, Rullan claims to have "substantial evidence that Defendants will dispose of their assets before judgment." (ECF 47-1 at 14). If Rullan is correct that the defendants possess "possibly millions of dollars," (*id.* at 25), then it seems unlikely that the defendants would suddenly become judgment-proof. *See Asdourian v. Konstantin*, 50 F. Supp. 2d 152, 156 (E.D.N.Y. 1999) ("Even if the defendants were to liquidate the assets that are the subject of this motion, there is no proof that they would be unable to satisfy any future monetary judgments.").[3]

Because Rullan has failed to demonstrate irreparable harm, the court need not consider the other factors of the preliminary injunction standard at this time. *See Open Top*, 48 F. Supp. 3d at 90 n.2.[4]

## IV. CONCLUSION

For the reasons stated here, Rullan's motion for a preliminary injunction will be denied. A separate Order follows.

   April 26, 2023                                                                        /s/
Date                                                                                      Catherine C. Blake
                                                                                        United States District Judge

---

[3] In any event, Rullan's injuries are solely economic, which generally do not constitute irreparable harm. *See Di Biase*, 872 F.3d at 230 (citing *Sampson v. Murray*, 415 U.S. 61, 90 (1974)) ("Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date . . . weighs heavily against a claim of irreparable harm.").

[4] Because each prong of *Winter*'s four-part test must be satisfied to obtain preliminary injunctive relief, courts need not address all four factors when a party fails to make an adequate showing under one prong. *See Henderson*, 902 F.3d at 439.