IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LUIS (JANER) RULLAN, | |
| v. | Civil Action No. CCB-17-3741 |
| JILL K. GODEN, *et al*. | |

**MEMORANDUM & ORDER**

Now pending before the court is the defendants' motion to dismiss the amended complaint as to defendants identified as "John Doe Attorney(s)." Mot. to Dismiss, ECF 160 ("Mot."). Mr. Rullan opposed the motion, *see* Opp'n to Mot., ECF 163, and the defendants did not reply. For the following reasons, the court will deny the motion but order Mr. Rullan to show cause why the Doe defendants should not otherwise be dismissed.

The defendants argue that "John Doe" pleadings, i.e., pleadings against fictitious defendants, are not allowed in Maryland. Mot. at 1 (citing *Nam v. Montgomery Cnty.*, 127 Md. App. 172, 185 (1999)). Although the *Nam* court noted that Maryland does not have a statute or rule explicitly authorizing John Doe pleadings, it explained that Maryland "do[es] permit liberal amendment of pleadings to add a party or correct the misnomer of a party." 127 Md. App. at 185. The court then went on to analyze whether the plaintiff's amended complaint changing the John Doe defendant's name to that of the true defendant "related back" to the time of the original complaint, and concluded that it did not because the true defendant lacked notice of her status as an intended defendant within the statute of limitations period. *Id.* at 186-87. The analysis in *Nam* belies the existence of a rule absolutely precluding John Doe pleading, and instead suggests that the operative question under Maryland law is whether a defendant learns of the plaintiff's claims

in a timely manner, whether sued in his or her true name or not. *Cf. Hines v. French*, 157 Md. App. 536, 571-72 (2004) (dismissing on the merits negligence claim against Jane Doe defendant). The defendants' authority does not support the sole proposition on which their motion relies. Accordingly, their motion to dismiss, ECF 160, is hereby **DENIED**.

Nevertheless, the court notes that the Doe defendants were named in an Amended Complaint filed over six years ago. Although a plaintiff may substitute the true defendant for a Doe defendant, he must do so within the statute of limitations period. *Locklear v. Bergman & Beving AB*, 457 F.3d 363, 365, 367 (4th Cir. 2006) (explaining that substituting named parties for John Doe defendants does not meet the "mistake" requirement of relation back under Fed. R. Civ. P. 15(c)(1)(C)(ii)); *see Nam*, 127 Md. App. at 186-87 (requiring that the correct defendant "had notice of his, or her, or its, intended status as a defendant within the limitations period" (quoting *Smith v. Gehring*, 64 Md. App. 359, 364 (1985)). The limitations period is not tolled by suing a Doe defendant. *Touko v. United States*, No. 20-cv-1113-GJH, 2021 WL 2685328, at *4 (D. Md. June 29, 2021) (citing *Nam*, 127 Md. App. at 185 and *Locklear*, 457 F.3d at 367). It appears exceedingly likely that Mr. Rullan has failed to timely move to amend his complaint to properly name the Doe defendants. Accordingly, Mr. Rullan is hereby **ORDERED** to **SHOW CAUSE** within twenty-eight (28) days why his claims against the John Doe Attorney(s) should not be dismissed as time barred.

  8/5/2024    
Date

  /s/    
Catherine C. Blake  
United States District Judge